IN THE UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | No. 98-CR-362-13 |
| FRANK CACEREZ, | |
| Defendant. | |



FILED
MAY 1 7 2010
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

May 13, 2010

## MEMORANDUM

Defendant Frank Cacerez is serving a 204-month term of imprisonment for conspiracy to distribute more than 100 kilograms of crack cocaine and 300 kilograms of cocaine. Based upon Amendment 706 to the United States Sentencing Commission Guidelines (the "Guidelines"),[1] which altered § 2D1.1 of the Guidelines, Cacerez requests a reduction of his sentence.[2] For the reasons below, Cacerez's motion is denied.

---

[1] *See infra*, Part II, for further discussion of Amendment 706.

[2] While defendant's motion does not identify the statutory authority for his motion, I assume that he moves for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) provides that:
> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is

I.

On October 24, 2002, Cacerez pled guilty to one count of conspiracy to distribute cocaine and crack cocaine in violation of 21 U.S.C. § 846. Cacerez pled guilty pursuant to a plea agreement in which he stipulated that he was responsible for the distribution of over 100 kilograms of cocaine base ("crack") and 300 kilograms of cocaine, and that the distribution was in furtherance of criminal activity jointly undertaken by defendant and co-conspirators. On February 12, 2004, defendant was sentenced by this court. His base offense level was calculated to be level 38 and his total offense level was calculated to be level 41, placing him in a Guidelines range of 324-405 months. After consideration of the government's § 5K1.1 letter, this court sentenced Cacerez to a 204-month period of incarceration. Cacerez appealed, but because Cacerez had waived his appellate rights in the guilty plea agreement, the Third Circuit granted the government's motion to dismiss.

Following the Sentencing Commission's revision of the Guidelines, Cacerez filed this *pro se* motion for reduction of sentence. The government argues that the revisions to the Sentencing Guidelines do not apply to Cacerez.

II.

In November 2007, the Sentencing Commission revised the crack cocaine guidelines by adjusting the drug quantity table contained in § 2D1.1(c). This revision, known as Amendment 706, "lowered the U.S.S.G. § 2D1.1 base offense levels for most

---

consistent with applicable policy statements issued by the Sentencing Commission.

quantities of crack cocaine by two levels." *United States. v. Doe*, 564 F.3d 305, 307 (3d Cir. 2009). Amendment 706, which went into effect on March 3, 2008, was made retroactive under §1B1.10(c) of the Guidelines. U.S.S.G.App. C. amend. 713.

Under Amendment 706, a defendant is entitled to a reduction of sentence only if the defendant's "sentencing range [would] have been lowered by recalculation based on the amended base offense level." *United States v. Mateo*, 560 F.3d 152, 154 (3d Cir. 2009). In other words, if a defendant would have faced the same sentencing range regardless of the Commission's revision, his sentence will not be reduced.

In this case, Cacerez's sentencing range is not affected by Amendment 706, and, accordingly, he is not entitled to a reduction in sentence. At the time Cacerez was sentenced, the drug quantity table contained in § 2D1.1 provided that any amount of crack cocaine over 1.5 kilograms resulted in an offense level of 38. The new drug quantity table provides that any amount of crack cocaine over 4.5 kilograms results in an offense level of 38. U.S.S.G. § 2D1.1. Thus–regardless of Amendment 706–Cacerez, who pled guilty to possession and distribution of 100 kilograms of crack cocaine, would have been subject to a base offense level of 38 under both the old and new drug quantity tables. Cacerez argues that because this court granted a downward departure in the first instance, it should further proportionally reduce his sentence in light of the new crack cocaine guidelines. This argument fails to consider that defendant's sentence range is not affected by Amendment 706, which does not benefit defendants charged with more than 4.5 kilograms of crack cocaine. *See United States v. Knight*, No. 09-1477, 2009 WL

3367660, *1 (3d Cir. Oct. 21, 2009) ("Because [defendant's] offense clearly involved over 4.5 kilograms of cocaine base, Amendment 706 did not change his sentencing range."); *United States v. Harris*, 331 Fed.Appx. 942, 943 (3d Cir. 2009) (defendant charged with conspiracy to distribute 23.68 kilograms of crack cocaine not eligible for reduction of sentence under Amendment 706); *see also United States v. Wanton*, 525 F.3d 621, 622 (8th Cir. 2008) ("[Defendant's] sentence was based on a finding that his relevant conduct involved more than 4.5 kilograms of crack, and the new amendment does not apply where more than 4.5 kilograms of crack is involved.").

### III.

For these reasons, defendant's motion is denied.